**The PEOPLE of the State of Colorado, Complainant,**

v.

**Raymond Anson GRAHAM, Attorney–Respondent.**

**No. 97SA25.**

Supreme Court of Colorado,
En Banc.

March 17, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Christopher C. Cross, Englewood, for Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline case was convicted of third-degree sexual assault on a seventeen-year-old family friend. The assistant disciplinary counsel and the respondent entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The conditional admission recommended discipline in the range of a three- to six-month suspension from the practice of law. An inquiry panel of the supreme court grievance committee approved the conditional admission with the recommendation that the respondent be suspended for three months. We accept the conditional admission, but conclude that suspension for six months is warranted because of the seriousness of the respondent's criminal conduct.

## I.

The respondent was admitted to practice law in Colorado in 1984. The conditional

admission reveals that on November 19, 1993, the victim accompanied the respondent's wife and two children to Boulder to join the respondent. The victim was seventeen at the time and was considering going to college, so the respondent and his wife, who had known her for about five years, wanted to show her the University of Colorado. On November 20, 1993, the victim went with the respondent and his family to dinner, where the respondent allowed the victim to consume a margarita. She later accompanied the respondent in his car back to Denver, and the respondent's wife and children went in another car. During the drive, the respondent provided vodka mixed with orange juice to the victim. The parties stipulated that allowing the victim to consume alcohol violated section 12–47–128(1)(a), 5B C.R.S. (1991), a class 2 misdemeanor, *see* § 12–47–130(2), 5B C.R.S. (1995 Supp.).

On the drive to Denver, sexual contact occurred between the respondent and the victim. According to the respondent, as he was driving he put his arm on the victim's shoulder who then put her head on his shoulder and began to kiss his neck. The respondent represents that there was some mutual kissing and fondling while he was driving, and that, at the time of the incident, he believed that the victim willingly participated in the fondling.

The assistant disciplinary counsel has stipulated that the victim's version of what happened is much different.[1] According to her, the contact was initiated wholly by the respondent and was nonconsensual. She contends that the respondent put his hands under her shirt, lifted her bra up, and fondled her breasts. She alleges that, as he was driving, the respondent licked her breasts. He also placed his hands between her legs.

The respondent does not dispute that he pulled over to the side of the highway and some degree of physical contact continued, but it stopped when the respondent expressed that what was happening was inappropriate.

On or about April 21, 1994, the respondent was charged with contributing to the delinquency of a minor by allowing the minor to consume or possess alcohol, *see* § 18–6–701, 8B C.R.S. (1996 Supp.), a class 4 felony; and third-degree sexual assault, *see* § 18–3–404, 8B C.R.S. (1986), a class 1 misdemeanor. Pursuant to a plea agreement, the respondent pleaded no contest to third-degree sexual assault in exchange for the dismissal of the contributing to the delinquency of a minor charge. He was convicted of third-degree sexual assault, granted probation, and ordered to complete 100 hours of community service.

The parties have stipulated that serving alcohol to a minor and then sexually assaulting her violated R.P.C. 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States constitutes ground for lawyer discipline).

## II.

In the conditional admission, the respondent consents to suspension from the practice of law in the range of three to six months. The inquiry panel recommended suspension for three months. The respondent agrees with the panel's recommendation, but the assistant disciplinary counsel recommends a six-month suspension. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice." ABA *Standards* 5.12. In aggravation, the victim was undeniably vulnerable because of her age, the alcohol provided to her by the respondent, and her inability to escape the confines

---

1. The assistant disciplinary counsel notes that the victim "did not participate in the investiga-

tion of this matter and is unwilling to participate in these formal proceedings."

of the respondent's moving vehicle. *See id.* at 9.22(h).

The parties stipulated to the following mitigating factors: the respondent has no prior disciplinary record in twelve years of practice, *id.* at 9.32(a); the presence of personal or emotional problems, *id.* at 9.32(c); he has made a timely effort to rectify the consequences of the misconduct, *id.* at 9.32(d); the respondent had a cooperative attitude toward these proceedings, *id.* at 9.32(e); and other penalties and sanctions have been imposed on him, *id.* at 9.32(k). The conditional admission also indicates that the respondent has been diagnosed as suffering from dysthymia, a mild or moderate depressive condition. Those treating the respondent believe that continued therapy and medication are the best courses of action. In addition, a psychologist treating the respondent believes that he "is not at high risk to repeat such inappropriate behavior."

The favorable reports of those persons treating the respondent, together with the special conditions that the respondent has agreed to satisfy, and the unwillingness of the victim to cooperate in these proceedings, sway us to accept the conditional admission, with, however, the provision that the suspension be for six months. Accordingly, we accept the conditional admission.

### III.

It is hereby ordered that Raymond Anson Graham be suspended from the practice of law for six months, effective thirty days after this opinion is issued. It is further ordered that the respondent comply with the following conditions as set forth in the conditional admission:

As part of this stipulation, the respondent agrees to continue with all therapy and medication programs as prescribed by Dr. [Stephen C.] Brake, Dr. Thomas Swanson (the M.D. prescribing medication) and Mr. [W. Wayne] Brown. Furthermore:

a) Dr. Swanson, Dr. Brake and Mr. Brown shall immediately disclose to the Office of Disciplinary Counsel, 600 17th Street, Suite 510–South, Denver, Colorado 80202, any adverse data which in any fashion might affect the respondent's ability to practice law. These therapists shall also immediately disclose any violation of any of these conditions imposed including any failure by the respondent to cooperate and comply with the therapists' directions.

b) The respondent shall execute a written authorization to release all therapy information throughout the remainder of his therapy, and deliver the same forthwith to Dr. Swanson, Dr. Brake and Mr. Brown.

c) The respondent agrees that failure to comply with these conditions, as described hereinabove, shall be cause for immediate suspension of his license, pursuant to the procedure of C.R.C.P. 241.8, notwithstanding those causes listed in C.R.C.P. 241.8.

The respondent is also ordered to pay the costs of this proceeding in the amount of $202.60 within thirty days of the date on this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.